Dear Mr. Sims:
This office is in receipt of your request for an opinion of the Attorney General relative to Act 684 of 1995 which amended and reenacted R.S. 11:1928 with respect to reemployment of retirees of the Parochial Employees' Retirement System and suspension of benefits upon such reemployment. The request is made with particular regard to two elected officials who took office before enactment of Act 684. One retired from the Lafayette Parish government on January 31, 1994, and was sworn in as a justice of the peace in August, 1994, a position covered by the retirement system. The other retiree was elected as constable in Acadia Parish in 1990 to serve until 1996.
An attorney for the retiree elected as justice of the peace takes the position that Act 684 is not to be applied retroactively as it does not expressly provide for such, and it would terminate a vested right. He further maintains that the Act is not prohibitive of persons such retiree becoming temporarily employed. He maintains Justice of the Peace is a position held for six years on a part-time basis, functioning only when called upon to do so by his constituents. He points out that in 1995 his client worked 56.9166 hours the first month and a half of 1995 and under the statute is allowed to be employed 480 hours in any fiscal year prior to his monthly retirement benefits being reduced.
The attorney for the Parochial Employees' Retirement System maintains that when the reitree assumed the position of Justice of the Peace, he was subject to the requirement that sixty days after taking the oath his retirement benefits would be reduced by the amount of his monthly earnings. She concludes that inasmuch as Act 684 of 1995 is interpretative of the existing statute, explaining existing rights and duties, it is retroactive, and additionally, statutes governing pensions are remedial legislation, to be given retroactive application.
Act 684 amended and reenacted R.S. 11:1928 to provide as follows:
 A. Any person who has retired under the provisions of this Chapter may be temporarily employed by an employer covered by this Chapter; however, if the retiree, who is otherwise eligible, is employed on a permanent basis or is employed during any calendar year for more than sixty days or four hundred eighty hours, his retirement benefits shall be suspended and employee and employer contributions shall resume.
 B.(1) If the retired member, who is otherwise eligible, become permanently employed or is employed for more than sixty days or four hundred eighty hours during a calendar year, the retired member and the employer shall immediately notify the board of the retiree's date of employment, the amount of his monthly salary, any changes in salary, number of hours employed per week, estimated duration of employment, and the date of termination of employment.
 (2) If the employer fails to submit the report required by Paragraph (1) of this Subsection, the benefit of the retiree shall be suspended and he shall be considered as returning to active service and employee and employer contributions shall resume.
 C. Upon subsequent termination of employment of a retired contributing member, the retired contributing member shall begin receiving his original benefit based on his additional service and the compensation earned during the period of additional service.
 D. Notwithstanding the provisions of R.S. 11:1902(12(a) or 1921(A)(3), if a retired member of the system is subsequently elected to an office covered by the system, sixty days after taking the oath of office his monthly retirement benefit shall be reduced by the amount of his monthly earnings.
You ask whether R.S. 11:1928 as enacted by Act 765 of 1979 required the benefit of a retiree of the Parochial Employees' Retirement System who was subsequently elected to office to be offset by the amount of his monthly salary earned sixty days after assuming office, and, whether the provisions of R.S.11:1928(D) as enacted by Act No. 684 of 1995 are remedial, interpretive and susceptible of retroactive application. Further you question whether the word "subsequently" in paragraph (D) related to a date subsequent to retirement or "subsequent" to July 1, 1995.
We have studied the development of this provision and find Act 83
of 1965 set forth that a retiree could be temporarily employed provided his earnings in one calendar year for such temporary employment did not exceed $1,200 or 25% of his average compensation or his retirement benefits would be reduced. This was amended and reenacted by Act 765 of 1979 to provide for a retiree's temporary employment but reducing his retirement benefits if employed for more than 60 actual working days. By Act227 of 1981 there was another amendment and reenactment providing prior to the present amendment to R.S. 11:1928 as follows:
 Any person who has retired under the provisions of this Chapter may be temporarily employed by an employer as defined by this Chapter. However, if the retiree is employed during the fiscal year for more than sixty actual working days, his retirement benefits shall be reduced by the amount earned after sixty actual working days. The retired member and the employer shall immediately notify the board of the retiree's date of employment, the amount of his monthly salary, any changes in salary, number of hours employed per week, estimated duration of employment, and date of termination of employment.
It would appear since Act 82 of 1965 the law has provided for a reduction of retirement benefits after reemployment. Prior to the 1995 amendment the law provided a retiree employed more than sixty working days would have his retirement benefits reduced by the amount earned after sixty actual working days.
The title to the Act 83 of 1965 stated it was to add to Title 33 the provision that a retired employee may be employed for temporary work and set forth in the added section, R.S. 33:6172(A), that if the earning exceeded 25% of his average compensation or $1,200, whichever was greater, his retirement benefits would be reduced by the excess. The subsequent amendments have carried this concept of offsetting retirement benefits forward, and the Title of Act 684 of 1995 states it was to provide with respect to reemployment of retirees and "to provide for membership, benefits, and suspension thereof upon such reemployment".
It appears prior to the present amendment since 1965 the law clearly required retirement benefits would be reduced by reemployment of "any person who has retired", and in 1979 established a temporary worker's benefits would be reduced after reemployment of 60 working days. We feel this would include an elected official who was retired and who was reemployed as result of an election and is covered by the retirement system.
We do not agree with the argument that applying the statute as amended by Act 684 is a retroactive deprivation of vested rights since the law has long provided for a reduction of benefits after sixty days of reemployment for "any" retiree, but agree with the position that the amendment was interpretive of existing provisions and does not add any additional restrictions that would constitute deprivation of vested rights. This office has recognize that the jurisprudence provides legislation that remedies an ambiguity in prior law is remedial in nature and is retroactive when it does not affect vested rights.
We think it is pertinent to state that we do not believe an elected position should have been considered as temporary employment. However, the amendment has made it clear wherein it specifies a retiree elected to a position included in the system is to have his retirement benefits paid by that same system included in the offset. With regard to elected officials it provides "sixty days after taking the oath of office his monthly retirement benefits shall be reduced by the amount of his monthly earnings."
Moreover, wherein paragraph (D) provides "if a retired member of the system is subsequently elected to an office covered by the system, sixty days after taking the oath of office his monthly retirement benefits shall be reduced by the amount of his monthly salary", we feel this is meant to apply to a retiree who becomes elected to office after retiring, and merely interprets the law as it already existed to clarify that it includes elected officials.
We hope this sufficiently answers your inquiries but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR